IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03264-RM-KLM

KIM MCKEON,

    Plaintiff,

v.

BANK OF AMERICA,
AARAN TRANSPORT, LLC,
NUR ABDI, and
DAVID BAILEY,

    Defendants.

___

**ORDER**
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Aaran Trucking, LLC and Nur Abdi's (collectively, "Aaran Defendants") **Motion to Amend the Scheduling Order to Allow Additional Experts** [#122] ("Aaran Motion") and Defendants Bank of America and David Baily's (collectively, "BOA Defendants") **Renewed Motion to Amend the Scheduling Order to Allow Additional Experts** [#124] ("BOA Motion").  Plaintiff filed Responses [#135, #136] in opposition to the Motions [#122, #124], and Defendants filed Replies [#144, #145].  Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motions [#122, #124] have been referred to the undersigned for disposition.  *See* [#123, #125]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motions [#122, #124] are **GRANTED**.

-1-

## I. Background

This matter arises from a motor vehicle accident which occurred on March 3, 2019, on Interstate 70 in Colorado. *Compl.* [#1] ¶ 12. Defendant Nur Abdi ("Abdi"), a semi-truck driver, crashed his truck into the rear of a Mazda which, as a result, collided with a Nissan. *Id.* ¶¶ 19-22. The Nissan left the roadway and overturned. *Id.* ¶¶ 23-24. Plaintiff exited her vehicle, which was not involved in the accident, in an attempt to render aid to the occupants of the overturned Nissan. *Id.* ¶¶ 27-29. While Plaintiff was rendering aid, Defendant David Bailey ("Bailey") lost control of his vehicle as he approached the scene of the accident. *Id.* ¶¶ 31-32. Defendant Bailey's vehicle struck Plaintiff and crushed her between Defendant Bailey's vehicle and the overturned Nissan. *Id.* ¶¶ 34-35. As a result of the collision, Plaintiff suffered severe injuries and accrued extensive medical bills. *Id.* ¶¶ 40-41. Plaintiff sues Defendants Abdi and Bailey under a theory of negligence and also sues their respective employers, Defendant Aaran Transport, LLC ("Aaran") and Bank of America ("BOA"), under a theory of respondeat superior. *Id.* ¶¶ 51, 63, 67, 79.

Relevant to the present Motions [#122, #124], the BOA Defendants filed a Motion to Amend the Scheduling Order to Allow Additional Experts [#87] on October 6, 2022, before the discovery deadline. The Aaran Defendants joined that Motion [#87]. *See Motion to Amend the Scheduling Order* [#89]. The Court denied the Motion [#87] without prejudice on March 6, 2023, essentially for providing insufficient information. *Order* [#115] at 2. The Aaran Defendants and BOA Defendants filed their respective amended Motions [#122, #124] on March 30 and March 31, 2023. *See Motions* [#122, #124]. When the present Motions [#122, #124] were filed, the discovery deadline was May 8, 2023, and

the current discovery deadline was June 9, 2023.  *Order* [#112] at 1; *Order* [#142] at 1.

In their Motions [#122, #124], Defendants seek to amend the Scheduling Order [#56] to allow them additional expert witnesses.  The Scheduling Order [#56] states that "[e]ach side will be limited to seven (7) expert witnesses, with no more than one (1) specially-retained expert in any particular subject matter."  *Scheduling Order* [#56] at 11.  Currently, Defendants share six retained damages experts but wish to call two additional liability experts for each pair of Defendants, the BOA Defendants and the Aaran Defendants.  *Aaran Motion* [#122] at 1; *BOA Motion* [#124] at 1-2.  This would bring the total number of expert witnesses for the Defendants to ten.  The six shared experts are: (1) Dr. Rachel Basse ("Basse"), a physical medicine and rehabilitation specialist; (2) Dr. David Feuer ("Feuer"), a vascular surgeon; (3) Dr. Phillip Stull ("Stull"), an orthopedic surgeon; (4) Dr. Brian Taylor ("Taylor"), a pulmonologist; (5) Katie Montoya ("Montoya"), a vocational consultant; and (6) Kathy Denson ("Denson"), an economist.  *Aaran Motion* [#122] at 6-8; *BOA Motion* [#124] at 5-6.  The Aaran Defendants seek to call their two additional liability experts: (1) Adam Mitchener ("Mitchener"), an accident reconstruction expert; and (2) James Desmond ("Desmond"), a trucking expert.  *Aaran Motion* [#122] at 8-9.  In addition to those called by the Aaran Defendants, the BOA Defendants seek to call their own liability experts: (1) Will Bortles ("Bortles"), an accident reconstruction expert; and (2) Rose Figueroa ("Figueroa"), a human factors expert.  *BOA Motion* [#124] at 6.

Defendants argue that they have good cause for the amendment because of the nature and extent of Plaintiff's injuries and because the two pairs of Defendants have conflicting defense theories and positions on liability.  *Aaran Motion* [#122] at 1; *BOA*

*Motion* [#124] at 1-2. Plaintiff argues that Defendants' need for additional witnesses is "untimely, the result of the defendants' own carelessness, and without with [sic] good cause." *Response* [#135] at 1; *see also Response* [#136] at 1 (stating same reasoning).

## II. Analysis

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.*, *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A "relevant consideration is possible prejudice to the party opposing the modification." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool

necessary for the orderly preparation of a case for trial"); *see also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

The Court first addresses Plaintiff's argument that Defendants' conduct concerning the request for additional witnesses does not meet the "good cause" standard before turning to the reasons for the additional witnesses and possible prejudice to Plaintiff.

**A.    Timeliness**

Plaintiff argues that Defendants failed to exercise reasonable diligence, as required by the Tenth Circuit, when seeking to amend the scheduling order and thus do not show good cause. *Response* [#135] at 4; *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2009) ("[Good cause] requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."). Plaintiff argues that Defendants' Motions [#122, #124] are untimely because Defendants were aware of the "nature, severity, and scope" of Plaintiff's injuries before the start of litigation. *Response* [#135] at 4. Plaintiff avers that Defendants were "fully aware of the liability facts and opposing liability theories" at the time of the Scheduling Conference on March 1, 2022. *Id*. Plaintiff states that she provided medical bills and records to Defendants in Plaintiff's initial disclosures on March 15, 2022. *Id*. Additionally, Plaintiff argues that Defendants have failed to show good cause to justify the seven-month delay between entry of the Scheduling Order and their initial request for additional experts. *Id*. Plaintiff further argues that the Motions [#122,

#124] are untimely despite the fact that, before the original Motions were filed in October 2022, the disclosure deadline had been extended from September 2, 2022, to December 9, 2022. *Id*. The Court is not persuaded by these arguments.

First, the Court finds that the filing of these Motions [#122, #124] was timely because they were filed before the disclosure deadline which, at the time of filing, was May 8, 2023. Additionally, when the BOA Defendants filed the initial Motion to Amend the Scheduling Order [#87] which the Aaran Defendants joined, *see* [#89], on October 6, 2022, the disclosure deadline was December 9, 2023. *See Minute Order* [#82]. Moreover, Defendants filed their current Motions [#122, #124] in a reasonably timely fashion after the Court denied the first Motion to Amend the Scheduling Order [#87] without prejudice on March 6, 2023. *See Minute Order* [#115].

Second, contrary to Plaintiff's argument, Defendants may not have been fully aware of their developing, opposing liability theories at the time of the Scheduling Conference in March 2022. *See Reply* [#145] at 5 ("When the Scheduling Order was entered on March 1, 2022, the parties had not even exchanged initial disclosures under Fed. R. Civ. P. 26(a)(1). They had not served any written discovery. They had not taken any depositions. They had not scheduled any IMEs. They had not disclosed any experts."). While it is true that the general extent of Plaintiff's injuries was known to the parties from the outset of this action, Defendants' primary argument in support of their need for additional experts is that the pairs of Defendants have adverse theories of liability. *See Aaran Motion* [#122] at 12; *BOA Motion* [#124] at 8. Mere knowledge of Plaintiff's extensive injuries does not support the contention that Defendants knew of their differing theories of liability at the time of the Scheduling Conference.

Third, Defendants did not delay unreasonably in requesting additional witnesses. As discussed above, the initial Motion to Amend the Scheduling Order to Allow Additional Experts [#87] was filed two months before the then-deadline. Further, the parties have moved to amend the Scheduling Order [#56] multiple times during the course of litigation. This shows that the parties are working together to amend the Scheduling Order [#56] when reasonably necessary to do so. Additionally, as the BOA Defendants state in the Reply [#144], Defendants informed Plaintiff that they required additional experts in August and September 2022. *Reply* [#144] at 3 (citing *Defs.' Ex. A* [#144-1] at 1, 4). Further, as the Aaran Defendants state, they require a trucking expert to rebut the testimony of Plaintiff's trucking expert, Mr. Adam Grill ("Grill"). *Aaran Motion* [#122] at 11. Plaintiff disclosed Mr. Grill's testimony on her expert disclosure deadline of November 7, 2022. *Reply* [#145] at 3. Therefore, the Aaran Defendants may not have been aware of the need for a specific trucking expert at the time of the Scheduling Conference in March 2022.

For all these reasons, the Court finds that Defendants' Motions [#122, #124] were not untimely.

B. **Reason for the Additional Experts**

Defendants seek to designate additional experts because of the conflict between the Aaran Defendants' defense theory and the BOA Defendants' defense theory. *Aaran Motion* [#122] at 11; *BOA Motion* [#124] at 6. Additionally, the Aaran Defendants argue that they require a second liability expert to rebut the testimony of Mr. Grill, Plaintiff's trucking expert. *Aaran Motion* [#122] at 11. Because Defendants Bailey and BOA are not involved in trucking, the testimony of Mr. Grill does not apply to them. *Id.* Plaintiff

argues that Defendants have retained unnecessary expert witnesses because some of the shared expert witnesses have overlapping expertise and opinions. *Response* [#136] at 9. In their Replies [#144, #145], Defendants counter that the six retained experts are reasonably necessary to rebut the damages Plaintiff claims due to the complex nature of her injuries. *See Reply* [#144] at 4.

The Court finds that it would be prejudicial to Defendants, particularly to the Aaran Defendants, to have Defendants share one liability expert. As the parties state, Defendants have adverse theories of liability. *See BOA Motion* [#124] at 6 ("Fundamentally, the BOA Defendants argue that Mr. Bailey acted reasonably while Mr. Abdi was negligent. Of course, this position is averse to Mr. Abdi's position."). Further, the Aaran Defendants show sufficient reason to require their own trucking expert as they must rebut the testimony of Plaintiff's trucking expert to present their defense. *See Aaran Motion* [#122] at 11. To limit Defendants to only one liability witness would prohibit one pair from presenting its defense.

As to Plaintiff's argument that the expertise and opinions of Defendants' six retained damages witnesses are unnecessary and redundant, the Court is not persuaded. *See Response* [#135] at 7. While the Court agrees that there is some overlap in the types of damages that the experts address, i.e., future medical bills and lost wages, the experts do not overlap in how they address those categories of damages. *See BOA Motion* [#124] at 5-6. Here, Defendants provide sufficient cause to demonstrate their need for each of their shared experts. *See id*. For example, Dr. Basse addresses Plaintiff's muscular injuries, Dr. Stull addresses orthopedic injuries, Dr. David Feuer addresses cardiovascular trauma, and Dr. Taylor addresses pulmonary injuries. *Id*. Each doctor's

testimony rebuts the future medical costs calculated by Plaintiff's future medical costs expert, Dr. Matthew Hyzy ("Hyzy"), but in a specific field, not medical costs generally. Additionally, the opinions of Ms. Montoya and Ms. Denson both address lost earnings generally, but Ms. Montoya rebuts Plaintiff's occupational therapist who opines that Plaintiff should reduce her work time by half while Ms. Denson, an economist herself, rebuts the calculations of Plaintiff's economist. *Id*. at 6. Therefore, the Court finds that Defendants have shown sufficient need for the six retained damages experts and two additional liability experts per pair of Defendants.

## C.   Prejudice to Plaintiff

Finally, Plaintiff argues that the addition of three more retained defense experts is unduly burdensome and unfairly prejudicial to her. *Response* [#135] at 6. Plaintiff argues that the "time and expense to rebut, depose, and file Fed. R. Evid. 702 motions" is so great as to be prejudicial to her. *Id*. Plaintiff asserts that it is "extremely expensive" for her to prepare for the additional experts "five months after the defendants' expert disclosure deadline." *Id*. at 5.

Defendants argue that ten witnesses are proportional to the needs of the case because Plaintiff seeks "at least $15 Million" in damages.[1] *Reply* [#144] at 4. Defendants further argue that the additional experts do not unduly burden Plaintiff because, as of January 30, 2023, Plaintiff disclosed her rebuttal expert opinions by Dr. Hyzy, Mr. Guy Barbera ("Barbera"), an accident reconstruction expert, and Mr. Grill. *Reply* [#145] at 7.

---

[1] The BOA Defendants state in their Motion [#124] that "Plaintiff's counsel has stated that he seeks $15 million." *BOA Motion* [#124] at 3. However, the BOA Defendants do not provide a citation to that statement. The Court notes that the BOA Defendants cite to Plaintiff's Eleventh Supplemental Disclosures which include a calculation of damages near ten million dollars. *Id.* (citing *Ex. B* [#124-2] at 12-13).

The Aaran Defendants state that Plaintiff "addressed and/or rebutted all of the expert opinions that the Aaran Transport Defendants had disclosed back on December 9, 2023 [sic], including those of Mr. Michener and Mr. Desmond." *Id*.  It is unclear from the briefs whether Plaintiff rebutted the BOA Defendants' liability experts which were also disclosed at the December 9, 2022, deadline.

Moreover, as discussed above, the Motions [#122, #124] were filed in a timely manner.  The Aaran Defendants state in their Reply [#144], which was filed on May 8, 2023, that Plaintiff had deposed their liability experts, Mr. Michener and Mr. Desmond. *Reply* [#144] at 7.  Further, Plaintiff will have ample time to address the additional experts as Plaintiff may seek leave to extend the July 19, 2023 Rule 702 motions deadline if she requires additional time due to this Order.  Plaintiff will also have adequate time to prepare for trial as the Final Pretrial Conference is set for October 19, 2023.  *Id*.  Additionally, the Court notes that Plaintiff may not require any additional experts to rebut the opinions of Defendants' liability experts, as the experts disclosed by Defendants fall into the areas of expertise covered by Mr. Grill and Mr. Barbera.  *See Aaran Motion* [#122] at 5.  Thus, the Court finds that Plaintiff will not incur undue prejudice given that prejudice, if any, is curable.

In conclusion, the Court finds that Defendants have demonstrated sufficient cause to amend the Scheduling Order [#56] to allow for three additional expert witnesses for Defendants.  Accordingly, the Motions [#122, #124] are **granted**.

### III. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motions [#122, #124] are **GRANTED** and the

Defendants are permitted to call a total of ten expert witnesses. Defendants are permitted six shared damages experts and each pair of Defendants, the Aaran Defendants and the BOA Defendants, are permitted to call two additional liability experts per pair.

IT IS FURTHER **ORDERED** that, to the extent that Plaintiff still needs to disclose her rebuttal expert opinions, she must do so **no later than July 28, 2023**.

Dated: July 7, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge