IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 21-cv-03264-RM-KAS

KIM MCKEON,

    Plaintiff,

v.

BANK OF AMERICA,
AARAN TRANSPORT, LLC,
NUR ABDI, and
DAVID BAILEY,

    Defendants.

---

## ORDER

---

This Order addresses eight Motions now pending in this personal injury action: six motions to strike or preclude expert testimony (ECF Nos. 159, 160, 161, 162, 163, 164) and two motions in limine (ECF Nos. 186, 187). The Motions have been briefed and are ripe for review.

**I.  BACKGROUND**

This case arises from a series of vehicle crashes that happened on a snowy day on Interstate 70. (ECF No. 131, ¶ 3.) On March 3, 2019, Defendant Abdi was driving a semi-truck owned by Defendant Aaran Transport, LLC down the highway in the left lane when he struck a Mazda CX-5. (*Id.* at ¶¶ 1, 2, 6.) The Mazda spun out of control, striking a Nissan Pathfinder in the center lane. (*Id.* at ¶¶ 7.) The Pathfinder then spun out of control and rolled. (*Id.* at ¶ 10.) The semi-truck, Mazda, Pathfinder, and two other vehicles all ended up along the ditch on the side of the highway. (*Id.* at ¶ 19.) The Pathfinder was on its side. (*Id.* at ¶ 10.)

At the time of the initial accident, Plaintiff was a backseat passenger in a Nissan Rogue traveling in the center lane. (*Id.* at ¶ 13.) After the driver of the Rogue saw the semi-truck pass on the left and hit the Mazda, he pulled over, about even with the Pathfinder. (*Id.* at ¶¶ 15, 16, 18.) Plaintiff and her sister exited the Rogue to see if the occupants of the Pathfinder needed help. (*Id.* at ¶¶ 22, 25.) One of the occupants had already exited the vehicle, and Plaintiff's sister helped another climb out through a window. (*Id.* at ¶¶ 26, 27.) A third occupant was able to exit without assistance. (*Id.* at ¶¶ 31, 38, 39.)

In the meantime, Defendant Bailey, an employee of Defendant Bank of America, was in the center lane and approaching the scene in an Audi A4.[1] (*Id.* at ¶¶ 47, 48.) As he changed into the right lane to avoid a slow-moving tractor-trailer, his car began sliding. (*Id.* at ¶ 49.) The Audi slid off the road and struck Plaintiff as she was standing next to the Pathfinder, causing her serious injury. (*Id.* at ¶¶ 50, 99, 105, 106.)

Plaintiff filed her Complaint in this action in December 2021. (ECF No. 1.) She asserts claims for negligence and negligence per se against Defendant Bailey and for vicarious liability against Defendant Bank of America (collectively, the "BOA Defendants"). She also asserts claims for negligence and negligence per se against Defendant Abdi and for vicarious liability, negligent entrustment, negligent hiring and retention, and negligent training and supervision against Defendant Aaran Transport (collectively, the "Aaran Defendants"). The parties have filed various motions seeking to limit the testimony and evidence that may be presented at trial.

---

[1] Plaintiff contends Defendant Bailey was acting in the scope of his employment at the time. (ECF No. 1, ¶ 65.)

## II.  LEGAL STANDARDS

### A.  Expert Testimony

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

The Court has the duty to act as a gatekeeper by ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019). If the Court determines that an expert is sufficiently qualified to render an opinion, it must then determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology. *See Nacchio*, 555 F.3d at 1241. In doing so, the Court considers (1) whether the testimony is based on sufficient facts or data; (2) whether it is the product of reliable principles and methods; and (3) whether the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702(b)-(d).

If the evidence is sufficiently reliable, the Court then evaluates whether the proposed evidence or testimony is sufficiently relevant that it will assist the jury in understanding the evidence or determining a fact at issue. *See Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). The Court has discretion in how it performs its gatekeeper function.

*See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

### III.   MOTIONS TO STRIKE OR PRECLUDE TESTIMONY

#### A.   Mr. Barbera

The BOA Defendants have moved to strike or limit the testimony of Guy Barbera, Plaintiff's expert who is an engineer and accident reconstructionist, on the grounds that he is not qualified to opine on "human factors" that may have contributed to the accident and that he did not use a reliable methodology in reaching certain opinions about Defendant Bailey and Plaintiff. Specifically, the BOA Defendants object to Mr. Barbera's opinions that Defendant Bailey "failed to keep a proper lookout, to slow down, and to maintain control of his vehicle" and that his actions were "unsafe and unreasonably dangerous." (ECF No. 159 at 2.) They also object to Mr. Barbera's opinion that Plaintiff did not cause her own injuries because it was normal and expected for her to exit her vehicle to attempt to help the occupants of the Pathfinder as well as to any opinions by Mr. Barbera seeking to rebut those of their expert on human factors and ergonomics, Dr. Figueroa. (*Id.* at 11.)

Citing *Bottorff v. Swift Transportation Co.*, 2009 WL 10706716, at *4 (D. Kan. July 22, 2009) (unpublished), the BOA Defendants contend that "human factors" is "the scientific discipline concerned with the understanding of interactions among humans and other elements of a system, and the profession that applies theory, principles, data, and other methods to design in order to optimize human well-being and overall system performance." But they have not presented any authority for the proposition that opinions related to human factors are categorically distinct from those Mr. Barbera can present based on his expertise as an engineer and accident reconstructionist. Further, the BOA Defendants do not challenge Mr. Barbera's

4

qualifications as an expert in accident reconstruction or make any showing that his opinions are unreliable.  Nor is the Court persuaded that simply because Mr. Barbera's opinions amount to impermissible attacks on Defendant Bailey's credibility simply because they are unfavorable to the BOA Defendants.  "Ultimately, the rejection of expert testimony is the exception rather than the rule." *O'Sullivan v. GEICO Cas. Co.*, 233 F. Supp. 3d 917, 922 (D. Colo. 2017) (quotation omitted).  In rejecting the Aaran Defendants' Motion, the Court notes the absence of anything in Mr. Barbera's reports that would preclude the jury from making its own assessment as to how to apportion liability for Plaintiff's injuries.  The Court will consider any additional objections to Mr. Barbera's testimony at trial, but for present purposes the BOA Defendants' Motion is denied.[2]

### B. Mr. Opp

The BOA Defendants have also moved to strike the testimony of Jeffrey B. Opp, Plaintiff's financial expert, on the grounds that "his opinions regarding future wage loss are invalid because they are based on assumptions that proved to be false."  (ECF No. 160 at 1.)  But the Court cannot agree that because some of Mr. Opp's projections rely on the assumption that Plaintiff would stop working or reduce her workload beginning January 1, 2023—neither of which has materialized—his opinions are therefore rendered invalid and unhelpful to the jury.  The jury, not Mr. Opp, will ultimately be charged with determining when they expect Plaintiff to stop working and the impact that will likely have on her future losses.  The Court has little

---

[2] Although the Motion is denied, the Court does not intend to grant carte blanche as to testimony pertaining to actors' conduct.  While the request to exclude is overbroad, the Court will consider at trial narrower objections concerning matters such as conclusory legal opinions or testimony that lacks a factual basis or exceeds an expert's area of expertise.

trouble finding that Mr. Opp's projections of Plaintiff's future earnings, which are based on her historical earnings, are likely to be helpful to the jury in calculating the amount of her future losses.

While the Court agrees with the BOA Defendants that Mr. Opp's supplemental report—submitted after the Motion was filed and after the deadline for expert disclosures had passed—must be excluded, the Court discerns no basis for excluding Mr. Opp's initial report or limiting his testimony about Plaintiff's potential future earnings. The BOA Defendants do not challenge Mr. Opp's qualifications or attempt to show that the information he relied upon is unreliable. Accordingly, the Court will deny the Motion and allow Mr. Opp to testify about his initial report and to opine on Plaintiff's potential future earnings and how they will be impacted when she stops working.

**C.     Dr. Hyzy**

The BOA Defendants have moved to strike or limit the testimony of Matthew W. Hyzy, Plaintiff's expert on life care planning. Mr. Hyzy, a physiatrist, opines on the cost of Plaintiff's future medical treatment. The BOA Defendants contend that certain testimony by Dr. Hyzy is outside the scope of his expertise and not based on reliable methodology and that he lacks qualifications to offer some of his opinions. The Court is not persuaded.

There is no dispute that Dr. Hyzy is a board-certified physiatrist who has received additional training to become a life care planner. As explained in Plaintiff's Response, Dr. Hyzy's opinions constituting Plaintiff's life care plan are based on 80th percentile methodology and the Context4Heathcare database. (ECF No. 179 at 4-7.) Based in part on Dr. Hyzy's qualifications and extensive experience as a medical doctor, the Court is not persuaded

that the life care plan he created is so outside the scope of his expertise as to render his opinions inadmissible. The Court finds that BOA Defendants' criticism of Dr. Hyzy's testimony goes to its weight rather than its admissibility. To the extent Defendants seek to challenge Dr. Hyzy's qualifications or methodology, they may do so by cross-examination or by offering competing evidence at trial. The Motion is denied.

### D. Mr. Michener

The BOA Defendants have also moved to limit the testimony of Adam Michener, an engineer and accident reconstructionist retained by the Aaran Defendants. Specifically, the BOA Defendants contend that Mr. Michener should not be allowed to offer his opinion that Defendant Bailey "was driving too fast for conditions, inattentive, distracted, impaired or a combination therein if his report of avoiding a collision with a slower moving vehicle prior to his loss of control is true." (ECF No. 162 at 2.) They also contend that because Mr. Michener is not an expert in human factors, he should not be able to provide rebuttal opinions in response to the BOA Defendants' human factors expert, Dr. Figueroa.

This Motion raises similar arguments to those made against Mr. Barbera. The BOA Defendants do not challenge Mr. Michener's qualifications as an engineer or accident reconstructionist. Rather, they contend that he used no methodology in reaching his opinion that Defendant Bailey was driving negligently. However, as explained in the Aaran Defendant's Response, Mr. Michener's opinions are based on his review of over twenty-five different sources, including forensic engineering inspections of the Audi and the incident site, accident reports, deposition testimony, and weather reports. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the

7

opposing party to examine the factual basis for the opinion in cross examination." *Squires v. Goodwin*, 829 F.Supp.2d 1041, 1056 (D. Colo. 2011) (quotation omitted*); see also Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000) ("The gatekeeper inquiry under Rule 702 is ultimately a flexible determination.").

The BOA Defendants have not shown that Mr. Michener's opinions fall outside his expertise merely because he is not a human factors expert. As discussed above, the BOA Defendants have not established a principled basis for categorically excluding opinions by an engineer or accident reconstructionist that touch on human factors. Therefore, the Court denies this Motion as well.

### E. Mr. Bortles

Plaintiff has moved to preclude the demonstrative animation created by William Bortles, the BOA Defendants' proposed expert, arguing that it will mislead the jury because it does not accurately represent the accident. The Court agrees that any probative value of the animation is substantially outweighed by the danger of unfair prejudice and misleading the jury.

The animation purports to depict the accident from Defendant Bailey's perspective. However, as Plaintiff points out, numerous aspects of the animation lack any factual basis in the record. First, the animation portrays that the tractor-trailer in front of Defendant Bailey was traveling at a speed of twenty-five miles per hour when he approached and then suddenly slowed down. Yet the BOA Defendants have adduced no evidence that the tractor-trailer was moving at this speed or even that it was moving at all. Second, the trailer is shown as white and without reflective tape or brake lights despite the absence of any evidence that the trailer was white, lacked reflective tape, or did not have operating brake lights. The Court rejects the BOA

Defendants' contention that these are "irrelevant" and "superficial details" pertaining to the tractor-trailer's appearance in the animation. (ECF No. 177 at 8.) To the contrary, the Court finds that both the speed of the tractor-trailer and whether its brake lights were on could be highly relevant details with respect to how and why the accident occurred. Further, Plaintiff's objection to the animation's depiction of a vehicle in the left lane is also well taken. In the absence of any evidence that the left lane was not available to Defendant Bailey prior to the collision, the representation of a vehicle in that lane is wholly speculative.

The BOA Defendants' contention that the animation is helpful because it shows the physical path of the collision is unavailing. Notably, Plaintiff's Motion does not object to any opinions Mr. Bortles provides in his expert report. The BOA Defendants have not cited any authority for the proposition that an animated depiction of an accident must be treated the same way as an expert report or other expert testimony on the topic. For present purposes, the Court concludes that the animation's limited probative value as to the physical path of the collision and any other aspect of the accident—which the BOA Defendants have not shown cannot be presented by other means—is substantially outweighed by its unsupported and potentially misleading aspects. Therefore, Plaintiff's Motion is granted.

### F. Dr. Figueroa

Plaintiff has also moved to preclude certain testimony by Rosemarie Figueroa, the BOA Defendants' proposed expert on human factors. Specifically, she contends that Dr. Figueroa should not be allowed to testify regarding the location of the accident because—as she has since acknowledged in a deposition—she referenced the wrong bend on Interstate 70 in her report. However, Plaintiff does not challenge Dr. Figueroa's qualifications or the overall reliability of

her human factors opinions. Moreover, Dr. Figueroa has provided a sworn affidavit stating that she will not provide any testimony based on her previous error as to the precise location of the accident. Under the circumstances, the Court finds Plaintiff's Motion is overbroad and proposes a fix to a problem that is unlikely to arise at trial. Thus, while the parties may offer more narrowly tailored objections for the Court's consideration at trial, for present purposes the Motion is denied.

### IV.     MOTIONS IN LIMINE

The Aaran Defendants filed two motions in limine seeking to exclude at trial any reference to Defendant Abdi's current and past traffic citations or to Defendant Aaran Transport's liability insurance. The BOA Defendants have not responded to the Motions, and Plaintiff has responded that she is not opposed to them. Having considered the statutory and evidentiary bases underlying these requests, the Court agrees that such testimony is properly excluded, and therefore these Motions are granted.

### V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 163) and the Aaran Defendants' Motions in Limine (ECF Nos. 186, 187) are GRANTED. The remaining Motions addressed in this Order (ECF No. 159, 160, 161, 162, 164) are DENIED.

DATED this 27th day of February, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge