UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:21-cv-03264-SKC-KAS

KIM MCKEON,

      Plaintiff,

v.

AARAN TRANSPORT, LLC, and THE ESTATE OF NUR ABDI,

      Defendants

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND
TO ADD CLAIMS FOR EXEMPLARY DAMAGES (DKT. 319)**

---

This case arises from a chain of vehicle crashes on a snowy day along a downgrade section of Interstate 70 west of the Eisenhower Tunnel. On March 3, 2019, Defendant Abdi[1] was driving a semi-truck owned by his employer, Defendant Aaran Transport, LLC, down the highway in the left lane when he struck a Mazda CX-5. After spinning out of control, the Mazda struck a Nissan Pathfinder. The Pathfinder spun out of control and rolled. The semi-truck, Mazda, Pathfinder, and two other

---

[1] On November 15, 2024, Defendants filed a Suggestion of Death noticing the death of Defendant Abdi. Dkt. 231. On May 14, 2025, Plaintiff filed an unopposed Motion for Substitution of Parties to substitute The Estate of Nur Abdi for the deceased. Dkt. 259. The Court granted the motion and The Estate was substituted on May 15, 2025. Dkt. 260.

vehicles all ended up along the ditch on the right side of the highway. The Pathfinder came to rest on its side.

At the time of the initial accident, Plaintiff was a backseat passenger in a Nissan Rogue being driven by her brother-in-law. After witnessing the semi-truck passing on the left and hitting the Mazda, the brother-in-law pulled over on the right, about even with the Pathfinder. Plaintiff and her sister exited the Rogue on the passenger side to help the occupants of the Pathfinder. Meanwhile, former Defendant David Bailey was approaching the scene in an Audi A4.[2] As he changed into the right lane the Audi slid off the road and struck Plaintiff as she was standing next to the Pathfinder, causing her injuries.

Plaintiff asserts claims against Defendant Abdi for negligence and negligence per se, and against Defendant Aaran Transport for vicarious liability and negligent training and supervision.

### PERTINENT PROCEDURAL HISTORY

Plaintiff filed this action on December 6, 2021. Dkt. 1. Because Colorado law does not allow a plaintiff to plead a claim to exemplary damages in the original complaint, Plaintiff's Complaint appropriately did not plead exemplary damages. Colo. Rev. Stat. § 13-21-102(1.5)(a) ("A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief.").

---

[2] The claims against former Defendant Bailey were dismissed on April 16, 2024. Dkt. 213. He has since been designated by Defendants as a potentially liable nonparty.

The seven-day jury trial in this matter started on April 27, 2026. On the fourth day of trial, Plaintiff filed the instant Motion seeking to amend her Complaint to add a claim to exemplary damages against both Defendants.[3]

## ANALYSIS AND RULING

Exemplary damages are recoverable in an action where the injury to plaintiffs was "attended by circumstances of fraud, malice, or willful and wanton conduct[.]" Colo. Rev. Stat. § 13-21-102(1)(a). In general, "[w]hether a defendant's actions amount to willful and wanton conduct is a question of fact." *Engeman Enterprises, LLC v. Tolin Mechanical Systems Corp.*, 320 P.3d 364, 372 (Colo. App. 2013).

Under Colorado law, a claim for exemplary damages cannot be pled in the initial complaint; it is allowed only after the parties exchange Rule 26(a) disclosures and after "the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). The statute provides no deadline for amending a complaint to add a claim for exemplary damages. *Id.* Therefore, there is "nothing facially untoward in . . . waiting some interval to seek leave to amend" a complaint to add a

---

[3] Because words like "reckless" and "willful" were loosely bandied about during Plaintiff's presentation of evidence, Defendants (at sidebar and other times during trial) objected noting Plaintiff never pleaded a claim to exemplary damages and Defendants were not impliedly (or otherwise) consenting to try such a claim. On that basis, the Court afforded Defendants a standing objection to evidence that might bear only on an un-pleaded claim to exemplary damages.

Also, the Parties have since agreed that exemplary damages are not available under Colorado law against a decedent's estate. Plaintiff has thus withdrawn her Motion as it pertains the Defendant Estate.

claim to exemplary damages. *Sheldon v. Golden Bell Retreat*, No. 19-cv-01371-REB-NYW, 2020 WL 12675934, \*1 (D. Colo. July 16, 2020).

But even if a plaintiff establishes prima facie proof of a triable issue on exemplary damages, a court may still deny a motion to amend because of delay, bad faith, undue expense, or other demonstrable prejudice. *Gile v. Schmidt*, No. 16-cv-02498-PAB-NYW, 2018 WL 3056074, \*2 (D. Colo. Jan. 26, 2018), *adopted*, 2018 WL 6790310 (D. Colo. May 3, 2018) (citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)). Granting leave to amend is within the sound discretion of the trial court, and "[i]n many cases, delay standing alone may justify denial of leave to amend." *Benton v. Adams*, 56 P.3d 81, 85 (Colo. 2002) (internal citation omitted); *see also Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (discussing Fed. R. Civ. P. 15 and stating, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend[.]").

For purposes of this Motion, the Court assumes, without deciding, that Plaintiff has established prima facie proof of a triable issue on exemplary damages. The Court denies the Motion, however, because of delay, demonstrable prejudice to Defendants, and Plaintiff's failure to show amendment is necessary to prevent manifest injustice.

### 1.  Undue Delay & Demonstrable Prejudice

This case has been pending since December 2021. Plaintiff did not seek leave to amend until the fourth day of trial, on April 30, 2026. The Motion is not based on

new evidence introduced for the first time at trial. It is instead based on the abundant discovery materials, to include deposition testimony and expert witness reports, the parties have had in their possession since the close of discovery in May 2024. Since Plaintiff's request is based on nothing new, there was ample time to seek leave to amend sooner, rather than waiting until two years after the close of discovery and four days into the seven-day jury trial. This was undue delay. And it has visited demonstrable prejudice on Defendant Aaran Transportation.

This Defendant is represented by insurance defense counsel. In Colorado, an insurer's duty to defend arises solely from the "four corners" of the complaint, comparing the allegations in the complaint with the terms of the insurance policy. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004); *DISH Network Corp. v. Arch Specialty Ins. Co.*, 659 F.3d 1010, 1015 (10th Cir. 2011). At the time Aaran Transportation secured insurance defense counsel, the four corners of the Complaint alleged nothing regarding a claim to exemplary damages, consistent with Colorado law. Colo. Rev. Stat. § 13-21-102(1.5)(a).

But Colorado also has a public policy prohibiting insurance carriers from insuring intentional or willful wrongful acts. *Bohrer v. Church Mut. Ins. Co.*, 965 P.2d 1258, 1262 (Colo. 1998). "The purpose of the exclusion of intentional injuries from coverage is to prevent extending to the insured a license to commit harmful, wanton or malicious acts." *Am. Family Mut. Ins. Co. v. Johnson*, 816 P.2d 952, 957 (Colo.

1991). The policy specifically prohibits insurers from providing coverage for exemplary damages. *Lira v. Shelter Ins. Co.*, 913 P.2d 514, 517 (Colo. 1996).

And therein is the demonstrable prejudice to Aaran Transportation for a few reasons. First, during oral argument on the Motion, defense counsel stated they do not defend claims to exemplary damages and that it's part of their reservation of rights. Whether part of their reservation of rights or as a matter of Colorado's public policy, the delay deprived Aaran Transportation of the opportunity to consider whether to hire separate counsel to defend it on an exemplary damages claim. *See, e.g., Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1496 (10th Cir. 1994) (insurer sent a reservation of rights letter advising insured it might wish to retain separate counsel on uninsured punitive damages claim, which the insured did). Second, the delay deprived Aaron Transportation of an opportunity to make meaningful decisions regarding its litigation and settlement strategies. As its lawyers argued, even assuming they would have defended that claim, inclusion of the claim would have affected their decisions regarding expert witnesses to engage or have testify at trial, and considerations of the claim's effect on Aaaron Transportation's vicarious liability. And third, having waited to seek leave until the afternoon of the fourth day of trial, the parties have now, as of the time of this order, completed day five. Indeed, the Parties have rested, and the presentation of evidence is closed. The horse is several nautical miles from the barn in terms of the opportunity Aaran

6

Transportation might have had to consult separate counsel or employ a litigation or settlement strategy that accounts for its exposure to exemplary damages.

### 2. Final Pretrial Order

The undue delay and demonstrable prejudice aside, the Court also considers its Final Pretrial Order, which no party addressed. The Court issued a Final Pretrial Order on November 4, 2024. Dkt. 229. The purpose of the Final Pretrial Order is to "formulate a trial plan." Fed. R. Civ. P. 16(e). The Tenth Circuit has said that final pretrial orders "encourage both sides to edit their scripts, peel away any pleading and discovery bluster, and disclose something approximating their *real trial intentions* to opposing counsel and the court." *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (emphasis added). "Toward those ends, the parties are often asked—as they were in this case—to specify the witnesses and exhibits, supply the proposed jury instructions, and identify the claims and defenses they actually intend to introduce at trial." *Id.* To be sure, the Final Pretrial Order in this case itself explains that the order "will control the subsequent course of this action and the trial," and that "[t]he pleadings will be deemed merged herein." Dkt. 229, § 12. Based on these features, a final pretrial order may only be modified "to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208–10 (10th Cir. 2002); Fed. R. Civ. P. 16(e).

Plaintiff has not made that showing. First, she has not moved to modify the Final Pretrial Order, which merged all pleadings and contains no reference to any claimed exemplary damages. *See generally* Dkt. 229. Second, she presented no

7

evidence or argument on the question of manifest injustice. And because of the delay in seeking this amendment, there is no time to allow her to argue it now. *See U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-cv-02313-REB-GPG, 2018 WL 11376451, *1 (D. Colo. Dec. 21, 2018) ("[M]anifest injustice must entail at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law.") (citing *Mohammadi v. Islamic Republic of Iran*, 947 F.Supp.2d 48, 78 (D.D.C. 2013)); *see also* Black's Law Dictionary (12th ed. 2024) (defining "manifest injustice" as "[a] direct, obvious, and observable error in a trial court[.]").

*    *    *

For the reasons shared above, the Court finds Plaintiff's delay was undue, it would cause demonstrable prejudice to Defendant if allowed, and no manifest injustice requires the amendment, particularly when considering the proposed amendments are based on facts and evidence Plaintiff has possessed all along. The Motion is DENIED.

DATED: May 3, 2026

BY THE COURT:

S. Kato Crews
Unites States District Judge